UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT S.,

           Plaintiff,           **DECISION AND ORDER**

      v.

                                                6:16-CV-06780-EAW

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.
_____

# INTRODUCTION

Plaintiff Robert S. ("Plaintiff") seeks attorneys' fees in the amount of $25,000.00 pursuant to 42 U.S.C. § 406(b). (Dkt. 22). The Commissioner of Social Security ("the Commissioner") does not object to the requested amount but defers to the Court concerning the timeliness and the reasonableness of Plaintiff's fee request. (Dkt. 24). For the reasons that follow, the Court grants Plaintiff's motion.

# BACKGROUND

On December 5, 2016, Plaintiff filed this action, seeking review of the Commissioner's final decision denying his application for Disability Insurance Benefits. (Dkt. 1). Plaintiff moved for judgment on the pleadings on August 2, 2017. (Dkt. 11). The Commissioner responded and cross-moved for judgment on the pleadings on October 2, 2017. (Dkt. 12). On December 14, 2018, the Court granted Plaintiff's motion, reversed the Commissioner's decision, and remanded the matter solely for calculation and payment of benefits. (Dkt. 18).

By Stipulated Order filed April 1, 2019, the Court approved payment of $6,672.00 to Plaintiff's counsel pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") for services performed in connection with this action. (Dkt. 21).

On June 30, 2020, the Commissioner issued a Notice of Change in Benefits ("NCB") in connection with Plaintiff's claim, which stated that it withheld $30,831.00, or 25 percent of Plaintiff's past-due benefits to be paid to Plaintiff's representative for legal services rendered. (Dkt. 22-3 at 5). Plaintiff's counsel did not receive the NCB until March 12, 2021. (Dkt. 22-4 at ¶ 8; Dkt. 28-1 at ¶ 12).

On August 6, 2021, Plaintiff moved pursuant to 42 U.S.C. § 406(b) seeking $25,000.00 in attorneys' fees. (Dkt. 22). In his motion, Plaintiff's counsel indicates that even though he was awarded the sum of $6,672.00 under the EAJA, his office had not received the award due to the offset initiated by the Department of the Treasury against several debts owed by Plaintiff. (Dkt. 22-1 at 2; Dkt. 22-8). Counsel acknowledged that in the event his office receives the EAJA fee in the future, he will refund the fee to Plaintiff once the instant fee application is resolved. (Dkt. 22-1 at 2). The Commissioner filed a response on August 18, 2021. (Dkt. 24). On March 14, 2022, the Court issued an order requiring Plaintiff to supplement his briefing (Dkt. 27), which Plaintiff complied with on March 25, 2022. (Dkt. 28).

## DISCUSSION

I. **Timeliness of the Motion**

Generally, a fee application under § 406(b) must be filed within 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(1). However, application of Rule

54(d)(2)(B) to assess the timeliness of a 406(b) motion creates a "practical problem" because "the Commissioner typically does not calculate the amount of past-due benefits until months after the district court remands." *Sinkler v. Berryhill*, 932 F.3d 83, 87 (2d Cir. 2019). To rectify the timing conflict, it has been decided that the 14-day filing period is subject to equitable tolling and the deadline to file the fee application is extended "until the time the claimant receives notice of the amount of any benefits award." *Id*. at 88. "Because the benefits award amount is necessary to identify the maximum attorney's fee that may be awarded under § 406(b)," the 14-day limitation period begins to run from when "counsel receives notice of the benefits award—and, therefore, the maximum attorney's fees that may be claimed[.]" *Id*. Therefore, the 14-day filing deadline is not absolute and can be enlarged by a court "where circumstances warrant" it. *Id*. at 89-90.

Here, Plaintiff's counsel does not argue that his fee application filed on August 6, 2021, was timely. (Dkt. 22-1 at 2; Dkt. 28 at 2). Instead, he asks the Court to extend his filing deadline, arguing that the 147-day (four months and three weeks) delay in bringing the instant application was reasonable and justified. (*Id*.). Specifically, counsel submits that his office did not receive a copy of the final Notice of Award of Plaintiff's past-due benefits that the Social Security Administration ("SSA") customarily sends to claimants and their representatives at the conclusion of the claimant's administrative case. (Dkt. 22-1 at 1-3; Dkt. 28 at 2). The only document that was ever issued by the SSA regarding Plaintiff's entitlement to past-due benefits was the NCB, which contained, among other things, a chart of Plaintiff's past-due benefits and the SSA's withholding of 25 percent of Plaintiff's past-due benefits to cover his legal fees. (*Id*.). Since it was not a standard Notice

of Award, the NCB's receipt had not only caused confusion among the staff of Plaintiff's counsel's law firm, but had also created an expectation that a final Notice of Award related to Plaintiff's retroactive benefits would still be forthcoming. (Dkt. 22-1 at 2-3; Dkt. 22-4 at ¶ 8-9; Dkt. 28 at 4; Dkt. 28-1 at ¶ 13-20; Dkt. 28-2 at ¶ 6).

The Court finds that the circumstances presented in this case justify the delay in submitting the attorneys' fees application. Specifically, even though the NCB was issued on June 30, 2020, Plaintiff's counsel presented sufficient evidence to demonstrate that his office did not receive it until March 12, 2021. (Dkt. 22-4 at ¶ 8; Dkt. 28-1 at ¶ 12). In support of his argument, counsel submitted an affidavit of his firm's fee coordinator, who described two attempts made in May 2020 and February 2021 to obtain a copy of Plaintiff's final calculation of retroactive benefits, which led to the firm's receipt of the NCB on March 12, 2021. (Dkt. 22-4 at ¶ 6-8; Dkt. 28-1 at ¶ 9-12). Two weeks later, having concluded that the NCB did not constitute Plaintiff's final Notice of Award, another staff member made a third request to the SSA for a copy of Plaintiff's Notice of Award. (Dkt. 22-4 ¶ 9; Dkt. 28-1 at ¶ 13). It was not until June 28, 2021, that the SSA provided a copy of the same NCB that had been previously received by the counsel's law firm. (Dkt. 22-4 at ¶ 10; Dkt. 28-1 at ¶ 14).

Continuing to believe that the NCB did not constitute a formal Notice of Award that would be sufficient for purposes of filing Plaintiff's fee application, and considering the delays it has experienced in the SSA's processing of fee notices and awards caused by the COVID-19 pandemic, the staff of Plaintiff's counsel's law firm continued their efforts to obtain a copy of Plaintiff's final calculation of retroactive benefits after June 28, 2021.

(Dkt. 28-1 at ¶¶ 16-20, 22).  Such efforts included another fax request sent to the SSA on July 23, 2021, as well as the letter dated July 27, 2021, both of which remained unanswered. (Dkt. 28-6; Dkt. 28-7).

The Court finds that it was not unreasonable for counsel to inquire about Plaintiff's final Notice of Award even after it had received a copy of the NCB from the SSA because "[a] notice of change in benefits letter is not the same as a notice of award letter." *Jeffrey L. v. Comm'r of Soc. Sec.*, No. 18-CV-6482-LJV, 2021 WL 3549439, at *1 (W.D.N.Y. Aug. 11, 2021).

While Rule 54 requires a fee motion be filed within 14 days, a court "may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect". Fed.R.Civ.P. 6(b)(1)(B); *see also Johnson v. Comm'r of Soc. Sec.*, No. 16 CV 4219 (LDH)(RML), 2019 WL 11270462, at *2 (E.D.N.Y. Dec. 17, 2019), *R. & R. adopt.*, 2020 WL 6128966 (E.D.N.Y. Oct. 19, 2020) ("While the motion is technically untimely under Rule 54, that lateness is not fatal.").  "Excusable neglect is an elastic concept that is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Williams v. Comm'r of Soc. Sec.*, No. 18-CV-4734 (PKC), 2021 WL 4480536, at *3 (E.D.N.Y. Sept. 30, 2021) (internal citations and quotation marks omitted).  Relevant circumstances include prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993).

The Court finds that extension of the 14-day filing deadline is warranted here. Plaintiff's counsel was justified in submitting the instant fee application outside the filing

deadline based on his confusion about the nature of the NCB, as well as the SSA's alleged delays in processing of fee awards caused by the pandemic, both of which created a reasonable expectation that a final notice of Plaintiff's retroactive benefits would be forthcoming. Counsel has demonstrated that he acted in good faith when his office made repeated attempts to obtain Plaintiff's Notice of Award from the SSA prior to his filing the instant application on August 6, 2021. The Commissioner does not allege, nor does the Court find evidence of any prejudice that she may have suffered as a result of Plaintiff's relatively short delay in submitting this application after the NCB was received. Accordingly, because the Court is empowered to enlarge the 14-day filing requirement where circumstances warrant it, *see Sinkler*, 932 F.3d at 89, Plaintiff's request to extend the filing deadline until August 8, 2021, is granted. *See, e.g.*, *Ferreira*, 2022 WL 123623, at *3 (a delay was excused where there was record of counsel's efforts to meet the deadline and solicit the information regarding the benefit award despite the confusion caused by the SSA's issuance of several notices of awards); *Shawn H. v. Comm'r of Soc. Sec.*, No. 2:19-CV-113, 2021 WL 4990049, at *3 (D. Vt. Oct. 27, 2021) (a delay was reasonable when the SSA failed to send the Notice of Award to plaintiff's counsel and counsel made good faith attempt to file a timely fee motion); *Williams v. Comm'r of Soc. Sec.*, No. 18-CV-4734 (PKC), 2021 WL 4480536, at *3 (E.D.N.Y. Sept. 30, 2021) (a four-month delay was excused when counsel was experiencing difficulties working from home without staff and receiving mail due to the COVID-19 pandemic); *Johnson*, 2019 WL 11270462, at *2 (collecting cases).

However, Plaintiff's counsel is cautioned that the Court likely will not consider such a delay reasonable in future cases. In other words, Plaintiff's counsel is now on notice that the SSA sometimes issues only a Notice of Change in Benefits and not a formal Notice of Award. Any future claims of confusion on this basis will accordingly ring hollow.

## II. The Reasonableness of the Requested Fee

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due benefits. Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*. "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits. "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied."

*Id*. at 807 n.17. As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017). Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

Here, the SSA withheld $30,831.00 as the 25 percent of Plaintiff's benefits award to be paid to counsel for legal services rendered. (Dkt. 22-3 at 5). Even though the NCB did not expressly state the full amount of Plaintiff's retroactive award, counsel submits that the total amount of Plaintiff's benefits was $123,324.00, and the Commissioner neither contested this amount, nor the SSA's withholding of legal fees. (Dkt. 22-2 at ¶ 10; Dkt. 24 at 5). The Court finds that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff. (Dkt. 22-7). Although counsel sought two extensions during the course of Plaintiff's litigation (Dkt. 9; Dkt. 10), the Court does not find that either of them delayed any proceedings in an attempt to inflate past-due benefits or the potential fee award that would warrant a downward adjustment of the requested fee. As for the delay in bringing this fee application, counsel acknowledged its

potential negative impact on Plaintiff's case, and even though the Court has found the reasons for the delay to be reasonable, it sees no reason to disturb Plaintiff's request for a reduced fee award of $25,000.00 since it does not exceed the 25 percent statutory cap. The Court also finds that the hours expended by counsel on the case were reasonable in light of the issues presented and the extent of his representation that ultimately led to a favorable decision awarding Plaintiff past-due benefits.

Although the hourly rate that counsel seeks is high, the Court finds that the requested fee is not so high as to constitute a windfall to counsel. The requested fee would result in a *de facto* hourly rate of $738.55 ($25,000.00 divided by 33.85 hours). (Dkt. 22-2 at 2; Dkt. 22-5). Recently, the Court of Appeals for the Second Circuit clarified that in determining whether a requested fee constitute a windfall, courts should consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient[;]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[;]" (3) "the satisfaction of the disabled claimant[;]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-56 (2d Cir. 2022).

Here, the Court finds that the requested attorneys' fees amount does not constitute a windfall to Plaintiff. Even though the effective hourly rate requested is greater than counsel's normal hourly rate of $350.00 per hour (Dkt. 22-2 at 3), his firm's successful representation ultimately achieved reversal of the Commissioner's decision and remand of Plaintiff's application solely for calculation and payment of benefits. (Dkt. 18; Dkt. 19). Counsel's effective hourly rate also falls withing the range of rates under § 406(b) approved

by courts. *See e.g.*, *Fields,* 24 F.4th at 851, 856 (2d Cir. 2022) (an effective hourly rate of $1,556.98 was not a "windfall"); *Amy Sue H. v. Comm'r of Soc. Sec.*, 1:17-cv-00713-JJM, 2021 WL 4519798, at *3 (W.D.N.Y. Oct. 4, 2021) (collecting cases finding effective hourly rates between $697.20 and $1,000 to be reasonable in this district). Accordingly, in light of the above, the Court finds that a *de facto* hourly rate of $738.55 is in line with awards generally approved in this District for similar work performed. The Court is also "mindful that 'payment for an attorney in a social security case is inevitability uncertain.'" *Buckley v. Berryhill*, 15-CV-0341-A, 2018 WL 3368434, at *2 (W.D.N.Y July 10, 2018) (quoting *Wells*, 907 F.2d at 371). Accordingly, "the Second Circuit has recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)." *Id.* (quotation marks omitted).

The Court also notes that counsel would ordinarily be required to return the previously awarded EAJA fee of $6,672.00. (Dkt. 21). However, counsel indicated that his firm never received the award as it was "offset because Plaintiff owed debts under the Department of the Treasury." (Dkt. 22-1 at 2; Dkt. 22-8). Accordingly, no refund of the EAJA fee will be necessary because the award was used to satisfy Plaintiff's debts owed to the Department of Veterans Affairs, New York Department of Labor, and the Department of Health and Human Services. *See Yarger v. Comm'r of Soc. Sec.*, No. 1:18-cv-00489 EAW, 2020 WL 5704271, at *2 (W.D.N.Y. Sept. 24, 2020) (the EAJA fee could not be refunded when it was offset to satisfy plaintiff's student loan obligations). However, in the event the EAJA fee is ever awarded to counsel in the future, he must return the award

to Plaintiff. *See Juanita Marie D. v. Comm'r of Soc. Sec.*, No. 6:16-CV-1457 (CFH), 2019 WL 2053849, at *3 (N.D.N.Y. May 8, 2019).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorneys' fees under § 406(b) (Dkt. 22) is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel shall be paid attorneys' fees in the amount of $25,000.00 out of funds withheld from Plaintiff's past-due benefits; and (2) should the EAJA fee award ever be awarded to Plaintiff's counsel, he must return the award, or any portion thereof that may be awarded, to Plaintiff.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  October 24, 2022
        Rochester, New York